

No. 15-7538
Title:                          Judith Wismer, Petitioner
                                v.
                                Sarasota Housing Authority
Docketed:                       December 30, 2015
Lower Ct:                       District Court of Appeal of Florida, Second District
  Case Nos.:                    (2D15-964)
  Decision Date:                June 4, 2015
  Rehearing Denied:             July 21, 2015

~~~Date~~~     ~~~~~~~Proceedings and Orders~~~~~~~~~~~~~~~~~~~~~~

Oct 19 2015    Petition for a writ of certiorari and motion for leave to proceed in forma pauperis filed. (Response due January 29, 2016)

Jan 22 2016    Waiver of right of respondent Sarasota Housing Authority to respond filed.

Feb 11 2016    DISTRIBUTED for Conference of February 26, 2016.

Feb 29 2016    Petition DENIED.

Mar 25 2016    Petition for Rehearing filed.

May 3 2016     DISTRIBUTED for Conference of May 19, 2016.

May 23 2016    Rehearing DENIED.


~~Name~~~~~~~~~~~~~~~~~~~~~         ~~~~~~~Address~~~~~~~~~~~~~~~~~~~~         ~~Phone~~~
**Attorneys for Petitioner:**
Judith Wismer                        P.O. Box 1644
                                     Sarasota, FL  34230

Party name: Judith Wismer
**Attorneys for Respondent:**
Suzanne J. Decopain                  Saxon Gilmore & Carraway, P. A.           (813) 314-4500
  Counsel of Record                  201 E. Kennedy Blvd., Suite 600
                                     Tampa, FL  33602
                                     sdecopain@saxonglmore.com

Party name: Sarasota Housing Authority

Contact Us | Site Map | Help | Fellows Program | Jobs | Links | Website Policies and Notices | Privacy Policy | USA.GOV
**SUPREME COURT OF THE UNITED STATES** 1 First Street, NE Washington, DC 20543

Questions Presented

1. Whether the petitioner, recognized as indigent, was denied procedural due process under the 14th Amendment to the United States Constitution where the state circuit court, sitting in its appellate capacity, dismissed her timely filed appeal of an eviction order for failure to file trial transcripts and a brief based thereon, and which thereby denied her right to appellate review on the merits, for failure to provide transcripts of the county court trial where such transcripts, which were essential to success on her appeal, were optional submissions under the appellate court rule.

2. Whether petitioner, recognized as indigent, was further denied procedural due process under the 14th Amendment where the Florida 2d District Court of Appeal, on certiorari review of the circuit court dismissal, refused to grant the writ as the appropriate remedy for a wrongful dismissal produced by the Circuit Court's insistence on compliance with an optional appellate rule.

3. Whether the petitioner, recognized as indigent, was further denied due process by the failure of the circuit court to grant petitioner's application, based on indigency under Sec 57.081 and Sec 57.082 Florida Statutes, for relief, which could have included the appointment of counsel under Sec 27.511, Fla Stat. (and therefor, payment of transcription fees) for her county court eviction proceedings which were the subject of her appeal, where no statutory or other basis appeared which would expressly disentitle her, or those of her residential tenant class, to such relief.

Parties and Counsel

Sarasota Housing Authority, a public body corporate and politic created pursuant to
    Chapter 421.04, Florida Statutes
Office of Commission Chairman
269 S. Osprey
Sarasota, FL 34236
Plaintiff(Respondent)


Legal Aid of Manasota Inc.
a Florida Not for Profit Corporation
Counsel for Defendant(Petitioner) in the trial court only

1900 Main Street
Sarasota, Florida

JW
Defendant(Petitioner)
Sarasota, Florida

Rhonda E. Stringer, Esq; Ricardo L. Gilmore, Esq; Susan J. Decopian, Esq;
Saxon, Gilmore, Carraway & Gibbons, P.A.
201 E. Kennedy Blvd. Suite 600
Tampa, Florida 33602
(813) 314-4500
Counsel for Plaintiff (Respondent)

Table of Contents

Questions Presented
Parties and Counsel
Table of Authorities
Citations of Official and Unofficial Reports
Concise Statement of the Basis of Jurisdiction
Constitution, Statutes and Court Rules
Concise Statement of the Case
Argument
Reasons for Granting the Writ
Appendix
Certificate of Service

Table of Authorities

Azima v State, 480 So 2d 184 (Fla 2d DCA 1985)
In re B.C, D.H, M.H, G.J, G.J & G.J.,
    (M. H. v Department of Children & Family Services),
    18 So 3d 1068 (Fla 2d DCA 2008)
Chmura v Maxson, 46 So 3d 158 (Fla 2d DCA 2010)
Combs v State, 436 So 2d 93 (Fla 1983)
Fay v Craig, 99 So 3d 981 (Fla 5th DCA 2012)
Grate v State, 750 So 2d 625 (Fla 1999)
Henderson v Henderson, 905 So 2d 901 (Fla 2d DCA 2005)
Maffea v Moe, 483 So 2d 829 (Fla 4th DCA 1986)
Maslow v Edwards, 886 So 2d 1027 (Fla 5th DCA 2004)
Mocio v State, 98 So 3d 601 (Fla 2d DCA 2012)
Moyer v Moyer, 114 So 2d 638 (Fla 3d DCA 1959)
Paul Revere Life Insurance Company v Kahn, 873 So 2d 595 (Fla 3rd DCA 2004)
R. J. Reynolds Tobacco Company v Kenyon, 882 So 2d 986 (Fla 2004)
Stallworth v Moore, 827 So 2d 974 (Fla 2002)
Thompson v Singletary, 659 So 2d 435 (Fla 4th 1995).
Transcontinental Finance Corporation v Baxter, 402 So 2d 1289 (Fla 5th DCA 1981)

Art V, Sec 4(b)(3), Fla Const.
Art V, Sec 5(b), Fla Const

Chapter 83, Fla Stat
Sec 26.012, Fla Stat

Sec 27.511, Flat Stat
Sec 57.081, Fla Stat
Sec 57.082, Fla Stat
Sec 390.01114, Fla Stat
Sec 39.013, Fla Stat
Sec 39.505, Fla Stat
Sec 39.807, Fla Stat
Sec 392.55, Fla Stat
Sec 393.12, Fla Stat
Sec 397.681, Fla Stat
Sec 415.1051, Fla Stat
Sec 743.015, Fla Stat
Sec 744.331, Fla Stat
Sec 984.17, Fla Stat

Attorney General Opinion, 056-306, October 16, 1956.

Rule 9.030(b)(2)(B), Fla R App P
Rule 9.110(b), Fla R App P
RuRule 9.200(a)(4), Fla R App P
Rule 9.200(b)(4), Fla R App P
Rule 9.330, Fla R App P


Citations of Official and Unofficial Reports

   The decision of the Circuit Court, Sarasota County was not reported
   The decision of the District Court of Appeal, Second District was not reported


Concise Statement of the Basis of Jurisdiction

   Respondent, SHA, as landlord, sued JW, Petitioner, as tenant for possession of a dwelling unit in Sarasota County Court pursuant to Chapter 83, Florida Statutes. After trial, SHA was granted possession of the petitioner's dwelling unit and awarded damages against her. The final judgment was entered on 5/6/14. ( ) Petitioner timely appealed to Circuit Court, Sarasota County, Florida on 6/3/14. ( ) See Rule 9.110(b), Fla R App P. The Circuit Court had jurisdiction to review by way of appeal, the final order of County Court. Art. V, Sec. 5(b), Fla Const., Sec 26.012(1), Fla. Stat.; see also Attorny General Opinion, 056-306, October 16, 1956.
   On 2/4/15, Petitioner's appeal was dismissed by the Circuit Court. ( ) On 3/4/15 petitioner timely sought review of the Circuit Court's dismissal by way of a petition for writ certiorari in the Florida District Court of Appeal 2d district. ( ) Florida District Courts of Appeal have jurisdiction to review, by certiorari, orders entered

by the Circuit Court in its appellate capacity. See Rule 9.030(b)(2)(B), Fla. R. App. P.; Azima v State, 480 So 2d 184 (Fla 2d DCA 1985); Art. V, Sec. 4(b)(3), Fla. Const. That petition was denied without elaboration or opinion on 6/4/15.( ) A timely motion for extension of time to move for rehearing and an authorized motion for rehearing was filed by petitioner. ( ) See Rule 9.330, Fla R App P., Maffea v Moe, 483 So 2d 829 (Fla 4th DCA 1986)(15 day period under rule not jurisdictional and the District Court of Appeal may consider belated rehearing motions); Thompson v Singletary, 659 So 2d 435 (Fla 4th 1995). The motion for rehearing was allowed as timely by the District Court and the same was denied, again without elaboration or opinion, on 7/21/15. ( )

   The 7/21/15 order denying her motion for rehearing represents the conclusion of the available review process in Florida. The Florida Supreme Court has held that it has no jurisdiction to review dispositions entered without opinion, such as the one made here. See Stallworth v Moore, 827 So 2d 974 (Fla 2002) (Supreme Court lacks jurisdiction to review petition denied without opinion); see also R. J. Reynolds Tobacco Company v Kenyon, 882 So 2d 986 (Fla 2004)(all writs); and Grate v State, 750 So 2d 625 (Fla 1999)(mandamus).

   The 14th Amendment issues hereinafter described did not first arise until after commencement of the appeal process in Circuit Court. These issues arose out Appellant's (Petitioner's) proper attempt to obtain the trial transcripts needed to complete preparation the appeal record as described in Rule 9.200, Fla R App P. and these issues are described in the following Statement of the Case. These issues were presented to the Circuit Court, as follows: Petitioner, acting pro se, filed a motion on 8/8/14 for the assistance of the Circuit Court in obtaining transcripts of the trial proceeding, specifically referencing Sec 57.081 and .082, Fla Stat.( ) On 8/29/14 petiitoner moved the court to permit her to attempt to create and submit a stipulated statement of the evidence, Rule 9.200(a)(4) Fla R App P.,as an alternative to the transcripts.( ) This was denied by the Circuit Court on 10/1/14 in an order which provided inaccurate information about the process.( ) On 11/3/14 Petitioner again sought an extension of time to acquire the transcripts and requested a hearing on the issue.( ) On 12/2/14 Petitioner applied to the court for permission to attempt another alternative, to-wit, recreation of the trial record pursuant to Rule 9.200(b)(4), Fla R App P. and again referred to Sec 57.082, Fla Stat.( ) This was denied on1/12/15.( ) On 1/29/15, in response to a court order to show cause why the appeal should not be dismissed, petitioner again sought relief under Sec 57.082 and also under Sec 27.511, Fla Stat, the statute that deals with representation of civil indigents by the public defender and regional counsel. ( ) However, on 2/4/15 the Circuit Court dismissed the appeal for failure to file the transcript of the trial proceeding and for failure to file an initial brief. ( )
The dismissal by the Circuit Court had the effect of denying the petitioner the right to a review on the merits of her appeal by denying to her all three of the available alternative means of preparing an appeal record upon which an appeal brief could be based.

Thereafter, Petitioner applied for review of the foregoing due process issues to the Florida District Court of Appeal, 2d District, in her petition for writ of certiorari. filed 3/4/15. ( )

Statutory Basis of Supreme Court Jurisdiction

28 USC 1257

Notifications

28 USC 2403(b) may apply and the Attorney General of Florida has been noticed.

Constitutions, Statutes, Court Rules

Set forth in the Appendix

Concise Statement of the Case

On December 6, 2013, the Respondent, Sarasota Housing Authority, as lessor, filed suit against the petitioner, JW, as tenant, to terminate petitioner's lease of a residential dwelling unit and for damages based on an alleged breach of their written lease.( ) The lease was identified as a "Lease for the Family Developments of Sarasota Housing Authority". ( ) The lease agreement also imposed certain community service requirement upon Authority tenants. The complaint sought to recover possession from Petitioner by reason of allegedly disruptive conduct on the part of the petitioner, generated, in part, by the use of her walking cane and SHA further alleged that Petitioner failed to timely cure her offending conduct. Also the complaint sought damages.

Petitioner timely filed her answer, through the office of Legal Aid of Manasota, Inc., and denied the material allegations of the complaint, and also filed affirmative defenses, which included assertions that SHA had failed to comply with certain HUD and ADA requirements in its dealings with petitioner.( ) Petitioner's indigency application, filed with the Sarasota County Clerk of Court in accordance with Sec 57.081, Fla Stat., was approved by the Clerk.( ) Her indigency affidavit disclosed an income of $189/mo from employment and virtually no other assets. It also disclosed her monthly rent obligation under the SHA lease to be $50/month.

The matter was set for nonjury trial in the County Court, Sarasota, both sides summoned witnesses and between 6-12 witnesses were subpoenaed. ( ) At trial, the testimony from various fact witnesses constituted the primary part of the evidence. The testimony and proceedings were electronically captured and preserved on compact disc so as to permit future transcription if Appellate review were sought. The trial was held on 4/21/14 resulting in the entry of judgment in favor of SHA and against the petitioner.( ) As a part thereof, SHA was granted

possession of the petitioner's dwelling unit and awarded damages against her. See final judgment entered 5/6/14. The final judgment contained no detailed findings of fact, whether derived from the testimony of the witnesses or otherwise. A writ of possession was issued on 5/7/14.(  ) Petitioner unsuccessfully sought a stay of the writ but the same was denied and SHA was put into possession on 5/13/14.(  )

On 6/3/14, the petitioner timely appealed to the Circuit Court for the 12th judicial circuit.(  ) The Circuit Court has Jurisdiction to review by way of appeal, the final orders of county court. Rule 9110(b), Fla R App Pro. Sec 26.012(1), Fla Stat. Petitioner's indigency status was continued. Petitioner proceeded in Circuit Court without counsel. Under the Florida Rules of Appellate Procedure and case law, the burden is on the appellant to secure and supply an adequate record of the trial court proceedings to the appellate court. The burden is on the appellant to demonstrate the existence of reversible error in the proceedings and judgment of the lower court. Full and accurate replication of the evidence and proceedings before the lower court is, in most cases, essential to success on appeal. Without an adequate lower court record which would include the evidence and other matters before the lower court, an appellate court may not reverse unless the error were to appear on the face of the judgment or documentary record. See Maslow v Edwards, 886 So 2d 1027 (Fla 5th DCA 2004).

Here, the evidence before the trial court consisted, in substantial part, of the testimony of various fact or event witnesses, making a transcript essential to success on appeal. Alternatively, an agreed "Statement of the evidence and Proceedings", under Rule 9.200(b)(4), Fla R App Pro. or a stipulated statement under 9.200(a)(4), could have been employed, however these procedures are less effective and more difficult to generate.

Petitioner sought to secure transcription of the trial proceedings but discovered the cost of the same to be beyond her financial ability to pay.(  ) She sought assistance from the Circuit Court regarding payment for the transcription.(  ) When she obtained no success she sought permission to proceed with the attempt at recreating the lower court proceedings in the manner described in Rule 9.200(a)(4) and later, Rule 9.200(b)(4) again, without success.(  ) She sought and received extensions of time in which to comply with the transcript order. She sought the courts assistance in obtaining funding for this purpose under 57.082, Fla Stat., and Sec 27.511, Fla Stat as a means of relief, inasmuch as her indigent status under 57.081 did not cover appeal transcripts.(  ) This was without success. Petitioner was left without assistance in securing the transcripts. Thus, the petitioner was left without access to the trial transcripts and without the court's permission to attempt recreation o the evidence and proceedings by the process set out in Sec (a)(4) or Sec (b)(4) of Rule 9.200, Fla R App P. This was a substantial denial of petitioner's rights. See Paul Revere Life Insurance Company v Kahn, 873 So 2d 595 (Fla 3rd DCA 2004) wherein it was held that it was a denial of due process and violation of the essential requirements of the law to require a party to prepare an appellate brief without a transcript. Ultimately, on 2/4/15, her appeal was dismissed by the Circuit Court due to her failure to supply the transcripts of the

trial and for failure to submit the appellate brief which could not be accurately created without trial transcripts.

On 3/4/15 petitioner timely sought review of the Circuit Court's dismissal by way of of a petition for certiorari filed in the Florida District Court of Appeal, 2d district. Florida District Courts of appeal have jurisdiction to review, by certiorari, orders of the Circuit Court entered in its appellate capacity. See Rule 9.030(b)(2)(B), Fla R App Pro ; Azima v State, 480 So 2d 184 (Fla 2d DCA 1985)   This level of review is not in the nature of a review "as of right" but is discretionary review wherein the petitioner must show that the lower tribunal departed from the essential requirements of the law which has resulted in a miscarriage of justice. See Combs v State, 436 So 2d 93 (Fla 1983) see also Chmura v Maxson, 46 So 3d 158 (Fla 2d DCA 2010) (denial of due process and departed from the essential requirements of the law). On 3/24/15 the District Court filing fee was waived on the basis of petitioner's indigency.

Here, the petitioner was again confronted with an inadequate record upon which to proceed.  The District Court allowed extensions of time within which to procure the transcripts but petitioner was afforded no new route to success. (   ) Her amended petition was allowed and filed on 5/26/15. But, ultimately, her petition was denied without opinion on 6/4/15.(   ) A motion for rehearing was filed and accepted as timely, see Maffea, above, Thompson, above, and the same was denied without opinion on 7/21/15.(   ) The order was contrary to prior decisions of the Courts of Appeal on related matters. For example, in Chmura v Maxson, above, the District Court granted review and vacated a Circuit Court dismissal order which had dismissed an appeal for failure to fulfill an optional task under the appellate rules.  See also Transcontinental Finance Corporation v Baxter,402 So 2d 1289 (Fla 5th DCA 1981);, Mocio v State, 98 So 3d 601 (Fla 2d DCA 2012)(scope of review in DCA is whether circuit court acting in its appellate capacity afforded petitioner procedural due process and applied the correct law).

The 7/21/15 order denying her motion for rehearing represents the conclusion of available review process in Florida.  The Florida Supreme Court has held that it has no jurisdiction to review dispositions such as the one made here. See Stallworth v Moore, 827 So 2d 974 (Fla 2002) (Supreme Court lacks jurisdiction to review petition denied without opinion); see also R J Reynolds Tobacco Company v Kenyon, 882 So 2d 986 (Fla 2004)(all writs); and Grate v State, 750 So 2d 625 (Fla 1999)(mandamus).

Argument

The Circuit Court dismissed the appeal from County Court without reaching the merits for failure of the petitioner to file transcripts of the proceedings in county court and to file a brief thereafter.  This was erroneous. Although transcripts are generally essential, as here, to success in the review process there is no occasion for the appellate court to order preparation or submission.  As pointed out in Fay v Craig, 99 So 3d 981 (Fla 5th DCA 2012) an appeal may proceed on the merits with a

partial transcript or with no transcript at all. As pointed out in Rule 9.200(a)(4), Fla R App Pro., and (b)(4), where the parties can agree, a stipulated statement or statement of the evidence and proceedings may be used in lieu of a more complete record. Also, where the error appears on the face of the judgment, or is otherwise made to appear from other portions of the physical record, an appellant may elect to proceed without a more complete record. See Henderson v Henderson, 905 So 2d 901 (Fla 2d DCA 2005); Maslow v Edwards, above, see also Moyer v Moyer, 114 So 2d 638 (Fla 3d DCA 1959). In short, the absence of a transcript did not prevent the Circuit Court from proceeding with disposition of the appeal on the merits. The Circuit Court had no occasion to require the transcripts, especially after denied her efforts to obtain them. The transcripts were, no doubt, essential to the Petitioner's chances of success given the testimonial nature of the trial evidence. The Circuit Court could have secured them through appointment of regional counsel who would have had the ability to secure them. See M.H. v Department of Children & Family Services, above. The dismissal was inappropriate and particularly egregious given petitioner's request to proceed, as an alternative, under either Rule 9.200(a)(4) or (b)(4) in an attempt to recreate the record by the means described therein.

 A misapplication of an appellate rule which results in dismissal of an appeal by a Circuit Court sitting in its appellate capacity would form a valid basis for the District Court of Appeal to grant certiorari. See Chmura v Maxson, 46 So 3d 158 (Fla 2d DCA 2010)(dismissal emanating from misapprehension of requirements of appellate rule would support relief by certiorari) Here, the absence of a transcript may have impaired appellant's chances of success but the absence of the transcript did not impair the court's jurisdiction to reach and resolve the appeal on the merits.

 Furthermore, the Circuit Court did not inquire into the issue of the propriety of allowing petitioner to attempt reconstruction of the evidence and proceedings by the method set forth in Rule 9.200(b)(4), which is generally employed when no transcript of the proceedings was ever captured or retained. It would have been well within the Court power to order the parties to engage in that process and to make a good faith attempt at reaching an agreement as to the material evidence and rulings made at trial. See also (a)(4). The intended meaning of the term "unavailability" therein described may or may not have rendered this process inappropriate since the trial proceedings had been captured on CD, but the court never made any ruling on this issue as a solution to a problem which would probably impact many litigants in an indigent category. The concept of "unavailability" is thought to apply only where no transcript is available either because no court reporter or recording device was present or operative at the trial or where such had been lost. Denying efforts by petitioner to employ (a)(4) or (b)(4) went beyond the plain language of the appellate rule. Denying these options with knowledge that petitioner could not supply a transcript destroyed any meaningful opportunity for her to prevail on review.

 Moreover, the Circuit Court did not examine petitioner's claim for relief under 57.082 as a potential solution to the transcript issue. Petitioner did qualify for indigent status under 57.081, Fla Stat at all levels of the proceedings in this case,

however that provision does not apply to transcripts for appeal purposes. Under 57.082, Fla and 27.511, Fla Stat some relief might have been available 57.082, Fla Stat provides at

> "(1) Application to the clerk. A person seeking appointment of an attorney in a civil case eligible for court-appointed counsel, or seeking relief from payment of filing fees and prepayment of costs under s. 57.081, based on an inability to pay must apply to the clerk of the court for a determination of civil indigent status..."

The statute goes on the describe the process of determination of eligibility
The statute then provides

> (3) Appointment of counsel on an interim basis. If the clerk of the court has not made a determination of indigent status at the time a person requests appointment of an attorney in a civil case eligible for court appointed counsel, the court shall make a preliminary determination of indigent status, pending further review by the clerk, and may, by court order, appoint counsel on an interim basis."

Section (5) of 57.082 provides for the appointment of counsel and provides that the first option for appointment arises under s 27.511, to-wit- the office of criminal conflict and civil regional counsel. That section concludes by providing, apparently for those persons deemed eligible, "...a person who is found to be indigent may not be refused counsel".

> Eligibility for appointment is addressed in Sec 27.511, which provides at
> (6)(a) The office of criminal conflict and civil regional counsel has primary responsibility for representing persons entitled to court appointed counsel under the Federal and State Constitution or as authorized by general law in civil proceedings, including, **but not limited to,** proceedings under s 393.12 and chapters 39, 392, 397, 415, 743, 744 and 984 and proceedings to terminate parental rights under Chapter 63"

Civil plaintiffs are not covered unless specifically for elsewhere by statute.

Despite the foregoing, neither the clerk nor the circuit court hinted that petitioner might be eligible for relief under her 57.082 request. Neither did they tell her that she was not eligible. At the time the Circuit Court dismissed her appeal, the court knew a) that she was seeking assistance, at least to the extent of her transcripts; b) that she was already determined indigent; c) that regional counsel could be appointed on an interim basis; d) that regional counsel could obtain and pay for transcripts for appellate proceedings in cases where appointed, see M. H. v Department of Children and Family Services, 18 So 3d 1068 (Fla 2d DCA 2008); e) that the thrust of .082 was to provide services to qualified indigents, and it was further known to the Circuit Court that the plain language of (6) of 27.511 did not, on its face, disqualify this petitioner from potential eligibility.

Sec 27.511(6) provides that proceedings specifically under s 393.12 and chapters 39, 392, 397, 415, 743, 744 and 984 and proceedings to terminate parental rights under Chapter 63 qualify for appointed counsel. Chapter 393.12, regarding developmental disabilities, provides, regarding the petition for the appointment of a

guardian advocate for a person with developmental disabilities, at s. (5) Counsel.- Within 3 days after a petition has been filed, the court shall appoint an attorney to represent a person with a developmental disability who is the subject of a petition to appoint a guardian advocate" Section (12)(a) regarding restoration of rights also requires such an appointment. Chapter 39, proceedings relating to children provides at s. 39.807(1)(a) "At each stage of the proceedings under this part, the court shall advise the parent of the right to have counsel present. The court shall appoint counsel for indigent parents". In regard to tuberculosis control and a petition filed to require examination or treatment of any person reasonably suspected of having or having been exposed to active tuberculosis, s. 392.55(4)(c) provides that warrant to apprehend or examine may not be issued unless " the court advises the person of the right to have legal counsel present. If the person is insolvent and unable to employ counsel, the court shall appoint legal counsel for the person pursuant to the indigence criteria in s. 27.52." Chapter 397.681, as regards petitions for involuntary assessment and stabilization and petitions for involuntary treatment accords a right to counsel for a respondent "at every stage of a proceeding" relating to a petition and further provides that "A respondent who desires counsel and is unable to afford private counsel has the right to court appointed counsel and to the benefits of s 57.081. If the court believes that the respondent needs the assistance of counsel, the court shall appoint such counsel for the respondent without regard to the respondents wishes."

Chapter 415.1051, concerns petitions for an order authorizing the provision of protective services for vulnerable adults. At s. (c) 2., it provides "The vulnerable adult has the right to be represented by legal counsel at the hearing. The court shall appoint legal counsel to represent a vulnerable adult who is without legal representation." See also s. (f)2. Chapter 743.015, concerns removal of disabilities of non-age and petitions therefore. Where a petition is filed by a natural or legal guardian "the court must appoint an attorney ad litem for the minor child, and the minor child shall be brought before the court to determine if the interest of the minor will be fully protected by the removal of disabilities of nonage. The attorney ad litem shall represent the child in all related proceedings."

Chapter 744.331, dealing with determination of incapacity, provides that the notice of a petition must include notice that "an attorney has been appointed to represent the person" s.(1) and at s.(2)(b) "The court shall appoint an attorney for each person alleged to be incapacitated in all cases involving a petition for adjudication of incapacity. The alleged incapacitated person may substitute his or her own attorney for the attorney appointed by the court." Chapter 984.17(2), concerning children and families in need of services, provides in part that "…the child or the parent shall, prior to and adjudicatory hearing, be advised by the court of the right to counsel." Chapter 39.013 regarding shelter petitions, dependency petitions, petitions or termination of parental rights or petitions for injunctions to prevent child abuse. At s, 39.013(9)(a) "At each stage of the proceedings under this chapter, the court shall advise the parents of the right to counsel. The court shall appoint counsel for indigent parents. The court shall ascertain whether the right to

counsel is understood. When the right to counsel is waived, the court shall determine whether the waiver is knowing and intelligent." S.(b) concerns court provided notice to new counsel if initial counsel is discontinued. S(c) provides that a waiver of counsel may not be accepted if it appears that a parent is unable to make an intelligent choice any of various reasons. Chapter 390.01114(4)(a) covering petitions for judicial waiver of notice as to the termination of pregnancies provides in part "The court shall advise the minor that she has the right to court-appointed counsel and shall provide her with counsel upon her request at no cost to the minor."

 There is no doubt that the interests protected in the foregoing are worthy of the same. That conclusion does not help explain the meaning of "but not limited to" found in conjunction with them. It does not explain what might be included nor does it describe how some unmentioned category of interest might be asserted ot determined.

 In this case the petitioner has lost, by the proceedings against her in County Court, the right to the possession of her home. Shelter would seem to be a matter of substantial personal interest. Her right to review the decision of the County Court to evict is also a substantial personal interest. Review was denied her by reason of her inability to provide transcripts of the trial. It is not at all clear how her interests are protected, if at all. The proceedings reveal that at the time of the order depriving her of the right to possession of her dwelling Petitioner had an income of $189/mo, and no other assets.( ) The rent under the lease of her unit was $50/mo. Following the loss of her right to possession she was rendered, as one could imagine, either homeless, or on the brink thereof. Common experience could well predict that it would be unlikely that she could find comparable shelter at the price.

 The foregoing statute permits appointment of counsel in circumstances other than those enumerated in the section, yet the issue was not addressed by the courts in this case. Moreover, appointment of counsel under the statute authorizes regional counsel to secure the preparation of necessary transcripts and to pay the cost of the same. See M.H. v Department of Children & Family Services, above.

 The question remains whether this Petitioner had reason to argue or expect that her particular interests warranted consideration consistent with the interests served by the statutes specifically enumerated in the Sec 27.511(6). The categories specified in Sec 27.511, Fla Stat. often provide opportunity for notice, to the person affected followed by "inquiry" and "advisory" before the court before appointment is made. A prospective and otherwise worthy applicant not identified in (6) might never discover that the "but not limited to" phrase was available to him because there is no hint of definition as to who may be included within its scope. No notice or advisory is given and no appointment could follow. Petitioner was not advised of any right to petition the court to be considered as entitled to appointed counsel or any benefit which might follow therefrom. Though the circuit court and district court knew of her claims, neither weighed in the subject.

Petitioner's status as an indigent tenant subject to eviction, and perhaps on the very edge of homelessness had, it is argued, an interest as significant as others of those specifically served by Sec 27.511(6). The legislature by the language it chose, clearly did not exclude "indigent tenants" or "homeless" as a class of persons ineligible or as otherwise possessed of an invariably inferior right to counsel or appeals transcripts. That being so, some procedure must be available to address the unlisted, but possibly worthy, potential applicants. From petitioner's perspective, it would seem that there exists no procedure and such fails to give effect to the language of the statute by permitting cavalier or arbitrary application. bt some may be able to make persuasive arguments for consideration. Petitioner Petitioner was not given notice or advice, nor was she given any hearing of her claims, at all, or so it would appear from the silence of the 2 appellate courts involved here. This treatment can't be squared with the "but not limited to" allowance made in 27.511(6).

Reasons for Allowance of the Writ

Petitioner enjoyed a property interest in her continued tenancy and she enjoyed a procedural right to an appeal in defense of that interest. Impairment of the right to review the eviction confirmed the loss of the property interest. Petitioner was denied the means to protect those interests. If the predictable status of homelessness necessarily ensued, then further substantial interests are likewise at risk, ie. loss of her right to privacy, and increased risk to health and to bodily safety, all consequences with an ongoing and indeterminate duration.
Sec 57.082 permits the appointment of appellate counsel, which in turn, permits the payment of transcripts See M.H. v DCF, above. The text of Sec 27.511 does not specifically exclude this petitioner from eligibility. It cannot reasonably be said that, an individual, within the reach of s(6), who is imposed upon by government, is, under every conceivable circumstance, possessed of a more protectable interest than the interest of an indigent tenant who has been evicted from her dwelling, and likely on the verge of being rendered homeless, for some indefinite and uncertain future. Not all of the categories specifically receiving the benefit of .511 have been characterized as "fundamental interests". Nor has the category of homelessness been so characterized, it appears. That being said, the relevant statutes do not seem to provide any rational basis for distinguishing those specified categories from that of the petitioner.
Issuance of the writ could:
1. Remedy the denial of due process visited upon this indigent petitioner by the remedy of the allowance of transcripts and/or appellate counsel and by the reinstatement of her appeal.

2. Find that Sec 27.511(6), Fla Stat. to be constitutionally deficient in its exclusion of persons in the category of this indigent petitioner and further find it deficient in the application of its vague to unknowable "but not limited to" category

    3. Extend due process /equal protection rights in the appellate process and extend those rights to litigants in classes or categories beyond those identified in Sec 27.511, Fla Stat.

    4. Extend the reach of MLB v SLJ to civil appellate proceedings involving interests comparable to those confronting the indigent petitioner in this case.

    The petition for writ of certiorari should be granted.